SEBRING, Justice.
The Florida State Racing Commission promulgated Rule 460-A which provided:
“Every person holding a permit to conduct pari-mutuel wagering in this State and every person who is a member of an association holding such a permit and every person who is an of-' ficer or director of a corporation which holds such a permit, and every employee of the holder of any such permit in any capacity connected to any extent with the pari-mutuel wagering business in this State, and all trainers, jockeys, , apprentices, grooms, exercise boys, managérs; agents, jai-alai players, bell boys, blacksmiths, Veterinarians, and like, persons who actively . participate in the racing or jabalai activities of. any such permit holders, shall furnish the State Racing Commission, for its . *43 files, his fingerprints and photograph, which fingerprints and photograph shall be taken at such times and places and in such manner as the State Racing Commission may from time to time direct and prescribe.” (Emphasis supplied.)
The appellants, who are horse trainers employed by owners of racehorses that race on Florida tracks, have questioned, by their bill for- injunction, the lawful right of the Commission to promulgate the quoted rule and to require them to come under'its terms as a condition precedent to the issuance of an occupational license by the Commission under section 550.10, Florida Statutes 1951, F.S.A., to act as horse trainers at and around the horse race tracks in Florida.
Section 550.02(4), Florida Statutes 1951, F.S.A., provides that the State Racing Commission shall make rules' and regulations “for the control, supervision and direction of all applicants, permittees and licensees, and for the holding, conducting and operating of all race tracks, race meets or races held in this state; provided, such rules and regulations shall be uniform in their application and effect, and the duty of exercising this control and power is made mandatory upon such commission.” -
We are of the view that the authority conferred upon the commission to make rules and regulations “for the holding, conducting and operating of all race tracks, race meets or races held in this state,” is broad enough to sustain the rule under attack.
The appellants “are engaged in a business which would be unlawful had not the Legislature seen fit to legalize it under certain conditions and to supervise its operations by a State Commission. What [they] are seeking in this case is to secure what they deem proper protection for what is more in the nature of a privilege than a vested right.” State ex rel. Mason v. Rose, 122 Fla. 413, 165 So. 347, 349.
The regulation of occupations covered by Rule 460-A has a direct bearing on the orderly and lawful conduct of the racing business. The Legislature recognized this fact by providing that the commission “may deny or revoke any [occupational] license where the -holder thereof has violated the rules and regulations of the commission governing the conduct of persons connected with the race tracks.” Section 550.10, Florida Statutes 1951. The rule here in question is not concerned with the qualifications of occupational licensees, and there is therefore no question of arbitrary or discriminatory definition of fitness for the occupation. Compare State ex rel. Palm Beach Jockey Club, Inc., v. Florida State Racing Commission, 158 Fla. 335, 28 So.2d 330, 335.
The commission’s regulation merely establishes a procedure by which the commission can properly identify the persons whose conduct the law requires it to regulate. There would seem to be little doubt that a rule requiring applicants for occupational licenses to furnish such descriptive data as name, age, height, previous experience, and the like,, would be reasonable and proper. Certainly some form of identification is essential if the commission is to carry out such mandates of the Legislature -as the provision for denying or revoking “a license to any person who shall have been refused a license by any other state racing * * * authority”. Section 550.10, Florida Statutes 1951, F.S.A. All that Rule 460-A does is to require identification in a form which is more precise and accurate than could be furnished through written data alone, that is, by means of photographs and fingerprints supplied by the applicant. Such-a rule is an administrative, not a .legislative, regulation designed to facilitate the handling of personnel problems necessarily connected with the operation of race tracks. By its terms, the rule covers in a uniform manner “persons who actively participate in the racing activities,” and there is nothing about the rule to suggest that it is unreasonable or arbitrary or not reasonably designed to effectuate the mandatory duty imposed upon the Commission by law to exercise strict control over the entire operation of the racing business.
*44 The claim that the requiring of fingerprints and photographs will cast an odium upon the applicants, because criminals are fingerprinted and photographed, is entirely without substance. Soldiers and sailors, workers in government service, applicants to practice in some of the professions, babies in hospitals (footprinted), and countless thousands of employees in private industry are required to be thus identified at the present time.
The decree appealed from is affirmed.
ROBERTS, C. J., and TERRELL, THOMAS, MATHEWS, and DREW, JJ., and PATTERSON, Associate Justice, concur.